UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AUDREY J. BODEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-323-HBG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 11]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Brief in Support [Docs. 21 & 12] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 18 & 19]. The Plaintiff also filed a Reply Brief [Doc. 17]. Audrey J. Boden ("Boden") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

**I.     BACKGROUND**

In August 2012, Boden filed an application for disability insurance benefits under Title II of the Social Security Act, claiming a period of disability that began on June 5, 2012. After her

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

application was denied initially and upon reconsideration, Boden requested a hearing before an ALJ. Following a hearing, the ALJ found the Plaintiff was "not disabled" [Tr. 20-30]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-5], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Boden filed a Complaint with this Court on June 13, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication. Having considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record, the Court finds that the medical history of the Plaintiff and the content of the ALJ's decision are not in dispute, and need not be repeated here.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner and whether the ALJ's findings are supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different

conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## III. ANALYSIS

Boden was 59 years of age at the date of the ALJ's decision. Boden has a high school education and additional training as a nurse's aid and patient care tech. She was employed as a medical billing clerk at the time she stopped working in November, 2010 [Tr. 39].

The ALJ found that Boden was "diagnosed with multiple impairments supported by objective medical evidence, including rheumatoid arthritis, lupus and degenerative disc disease, which could account for the claimant's pain" [Tr. 23]. The ALJ also found that Boden "has been diagnosed with major depressive disorder, panic disorder, and unspecified drug dependence," but that these impairments cause no more than "minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere" [Tr. 23]. The ALJ concluded at step four that Boden is capable of performing her past relevant work as a medical billing clerk/medical receptionist, and therefore, Boden was not under a disability during the applicable time period [Tr. 29-30].

The Plaintiff contends that the ALJ's residual functional capacity ("RFC") determination and step five finding are not supported by substantial evidence. Boden also challenges the ALJ's credibility finding and other errors.

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's RFC is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4), -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite her limitations. §§ 404.1545(a)(1), 416.945(a)(1). The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d 525. The burden only shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

4

The Plaintiff submits that the ALJ erred in assessing her RFC because he did not properly weigh the medical opinions of her treating physicians, Dr. Gruskin and Dr. Boutrouille.

A.     **Opinion of Dr. Jacqueline Boutrouille**

Dr. Boutrouille is Boden's psychiatrist, although Boden only was seen by her three times [Tr. 25]. In November 2013, Dr. Boutrouille opined that Boden had marked mental limitations [Tr. 24, 507-11]. The ALJ gave little weight to this assessment, however, as Dr. Boutrouille described no mental status abnormalities or other objective evidence to support her opinion and merely cited Plaintiff's subjective symptoms [Tr. 24]. The ALJ also noted that Dr. Boutrouille's treatment records did not describe mental status abnormalities or other objective evidence to support her opinion [Tr. 25]. For instance, while Dr. Boutrouille indicated that Plaintiff had moderate limitations in her ability to maintain appropriate personal appearance, her treatment records indicated that Plaintiff's appearance was within normal limits [Tr. 508, 566, 567]. Likewise, although Dr. Boutrouille opined that Plaintiff had marked limitations in her ability to sustain attention for extended periods and make simple work-related decisions, Dr. Boutrouille's treatment notes indicated that Plaintiff had fair insight and judgment, and fair memory and concentration [Tr. 502, 507, 566, 567].

Moreover, the Court agrees with the ALJ that Dr. Boutrouille had only seen Plaintiff on three occasions during the relevant period, which constitutes the bare minimum of a longitudinal history of treatment [Tr. 25]. The ALJ properly considered the nature of the treatment relationship and the length and frequency of treatment. *See* 20 C.F.R. § 404.1527(c)(2)(i). A doctor's opinion is not due treating physician status when her treatment of Plaintiff is sparse. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 729 (6th Cir. 2013) (doctor examined claimant four times in two years); *Oliver v. Comm'r of Soc. Sec.*, 415 F. App'x 681, 684 (6th Cir. 2011) ("Oliver's

5

relationship with Dr. King was extremely limited in nature, stemming from a single, post-litigation referral, and this brief relationship militates in favor of granting Dr. King's opinion limited weight.").

The ALJ also found that the marked limitations opined by Dr. Boutrouille were inconsistent with Boden's reported activities and the examination findings from other sources, including the consultative psychological examination in September, 2012 [Tr. 25]. The ALJ also noted that in September and October of 2012, the state agency psychological consultants found that Plaintiff had no more than mild restriction of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence and pace [Tr. 23, 90-92, 108-10]. Based on the record as a whole, the ALJ properly gave great weight to the opinions of the state agency psychological consultants as they were supported by significant evidence of record [Tr. 23].

### B.     Opinion of Alan Gruskin, D.O.

Dr. Gruskin is Boden's pain management doctor. Dr. Gruskin concluded that Boden could not be gainfully employed due to physical restrictions [Tr. 522]. The ALJ gave little weight to Dr. Gruskin's opinion, because Dr. Gruskin described no clinical or other objective findings to support the extreme limitations assessed [Tr. 29]. Pursuant to the regulations, a treating physician's opinion is not due controlling weight if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1527. An ALJ is not obligated to give significant weight to "vague, conclusory statements regarding the Plaintiff's level of functioning…" *Ducote v. Colvin*, No. 3:15-CV-68-PLR-CCS, 2015 WL 9897755, at *6 (E.D. Tenn. Dec. 31, 2015) report and recommendation adopted, No. 3:15-CV-68-PLR-CCS, 2016 WL 270221 (E.D. Tenn. Jan. 21, 2016) (citing *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984)

6

("The Secretary is not bound by a broad conclusory statement of a treating physician in making [a disability] determination.").

The Court agrees with the ALJ's analysis of Dr. Gruskin, as it is supported by substantial evidence. Dr. Gruskin's treatment notes repeatedly indicate that Boden was able to function sufficiently with her pain medications [Tr. 399, 400, 407, 526, 527, 530, 575]. The Court agrees with the Defendant that Dr. Gruskin's objective medical findings do not support an assessment of extreme physical limitations. *See Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 507 (6th Cir. 2014) ("it is proper for an ALJ to give a treating physician's opinion less-than-controlling weight where a claimant is 'unable to direct this court to any portion of the [treating physician's] records which support' the treating physician's ultimate opinion.").

### C. The ALJ's Finding That Plaintiff Could Perform Her Past Relevant Work

At step four the ALJ determined that Boden could perform her past relevant work as a medical biller, medical assistant, and medical receptionist [Tr. 29]. The ALJ consulted a vocational expert to determine whether Boden could perform her past relevant work [Tr. 29-30, 67-68].

The Court finds that the ALJ presented a hypothetical question that matched the ALJ's RFC finding. The vocational expert testified that the hypothetical person could perform Boden's past relevant work [Tr. 68-69]. Accordingly, substantial evidence supports the conclusion that Plaintiff could perform her past relevant work [Tr. 29-30].

### D. Evidence Submitted By Boden After The ALJ's Decision

Boden argues that remand is required because the Appeals Council did not consider, or include in the administrative record, evidence that she submitted after the ALJ's decision. This evidence, however, does not relate to the time period prior to ALJ's decision. Pursuant to the

7

regulations, the Appeals Council will consider additional evidence if it is new, material, and related to the relevant period before the ALJ's decision. *See* 20 C.F.R. § 404.1570(b). In this case, the Appeals Council determined that the additional evidence submitted by Boden did not provide a basis for changing the Administrative Law Judge's decision [Tr. 2].

Finally, remand under sentence six of 42 U.S.C. § 405(g) would not be appropriate. Boden has not shown that the additional evidence would have changed the outcome of the ALJ's decision. *See Melkonyan v. Sullivan*, 401 U.S. 89, 98 (1991) (the court may issue a sentence six remand when "new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."). "Evidence is material only if there is a reasonable probability that it would have affected the outcome of the proceeding." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 422 (6th Cir. 2014) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)); *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 509 (6th Cir. 2013). Plaintiff has not shown that the medical evidence attached to her brief would have changed the ALJ's decision.

## VI. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Summary Judgment [**Doc. 21**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 18**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

*/s/ Bruce Guyton*
United States Magistrate Judge